## HUGHES TOOL CO. v. A. F. SPENGLER CO.

### No. 931.

District Court, W. D. Oklahoma.
July 29, 1947.

Fisher Ames (of Ames, Ames & Daugherty), of Oklahoma City, Okl., for plaintiff.

Earl Pruet (of Richardson, Shartel, Cochran & Pruet), of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

On December 11, 1946, the defendant filed a petition seeking to have the court modify and interpret paragraph IV of the decree of the court under date of November 30, 1932, said paragraph reading as follows:

"That the defendant, A. F. Spengler Company, its officers, agents, servants, employees and associates and each and every one of them be and hereby are perpetually enjoined and restrained from making, using or selling in any manner, directly or indirectly, any devices patented in or by claims 3 and 4 of said Godbold and Fletcher Patent No. 1320384; claims 1, 2, 3 and 4 of the said Scott Patent No. 1480014 and claims 2, 3, 4 and 5 of the said Scott and Wellensiek Patent No. 1647753, or any devices capable of being used in infringement thereof, or capable of being combined with any other device to be used in infringement thereof and from directly or indirectly infringing upon said claims of said Letters Patent, or any of them, in any manner whatsoever, or from aiding, abetting or contributing to any infringement thereof."

The original complaint sought to have the defendant enjoined from infringing certain patents and to recover damages. During the pendency of the litigation, the parties composed their differences, settled the litigation, and entered into a contract concerning the same on November 22, 1932, and in pursuance thereof had the court enter its decree of November 30, 1932. Among other things in the contract, it was agreed that the defendant had infringed the patents of the plaintiff and that the defendant had certain materials on hand used in the manufacture of certain articles, and was in the process of completing a contract with the Champlin Refining Company of considerable proportions. The plaintiff agreed to permit the defendant to complete that contract and to pay the defendant $10,000, for the materials it had on hand, its good will and other considerations. The plaintiff agreed to abandon its claim for damages for the infringement of the patents to the date of the agreement, and the defendant agreed to sell and transfer its good will in the business in connection with the articles so manufactured and to refrain from directly or indirectly making or selling "roller earth boring drills" in the states of California, New Mexico, Wyoming, Colorado, Montana, Washington, Oklahoma, Arkansas, Louisiana, Mississippi, and Texas, so long as the plaintiff, or any person, firm or corporation deriving title to said good will from the plaintiff carried on a like business in said states. It was agreed that the decree should provide that "a perpetual injunction shall issue against the defendant as prayed for in complainant's bill of complaint."

The defendant in its petition to modify and interpret states that the letters patent have expired; that the inventions covered by them have passed into the public domain and are no longer "subject to private barter, sale or waiver;" that the word "perpetual" as used in the decree of November 30, 1932 should be construed to limit the time to dates of the expiration of the patents, and prays for an order so modifying and construing the decree. Citing and largely relying upon Scott Paper Company v. Marcalus Manufacturing Company, Inc., et al., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47, and cases cited therein.

The plaintiff has filed its motion to dismiss and strike the petition for modification and interpretation on the following grounds: 1. For want of leave to file. 2. For want of equity. 3. Said "petition" fails to state facts entitling the "petitioner" to any relief. 4. The relief granted plaintiff by the decree of this court dated November 30, 1932 (sought to be modified), was supplemented by relief granted this plaintiff in Hughes Tool Company v. A. F. Spengler Company et al., D.C., 73 F.Supp. 156.

The defendant contends that it is entitled to the relief sought for the reason that the circumstances have so changed that the continuing restraints contained in the final decree of November 30, 1932 and the writ pursuant thereto, should now be terminated.

Injunctions are ordinarily designated as "temporary" or "permanent." A permanent or perpetual injunction against one who infringes a patent could exist only during the life of the patent. This is the uniform holding of our courts so far as this court has been able to determine.

The only change of circumstances that is stressed is the fact that the patents have expired. The defendant apparently overlooks the fact that for a valuable and quite substantial consideration it sold its good will in a business and agreed for a period of time not to again engage in that business in certain territory as provided in its contract of sale. The patents covering the articles of manufacture were not the prime elements. *The defendant knew how long the patents had to run.* There has nothing new occurred since the contract that could not have been foreseen at the time. The public has not been affected in the least by the transaction and is not now suffering any detriment from it.

The court has considered with careful interest the theory advanced by the defendant and the authorities cited to sustain it, but under the facts shown by the record, is unable to see how they apply. The language used in United States v. Swift & Company et al., 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999, applies to the situation here, where Mr. Justice Cardozo said:

"There is need to keep in mind steadily the limits of inquiry proper to the case before us. We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting. * * * Nothing less than a clear showing of grievous wrong evoked by new and unforseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.

"* * * Wisely or unwisely, they submitted to these restraints upon the exercise of powers that would normally be theirs. They chose to renounce what they might otherwise have claimed, and the decree of a court confirmed the renunciation and placed it beyond recall.

"What was then solemnly adjudged as a final composition of an historic litigation will not lightly be undone at the suit of the offenders, and the composition held for nothing."

It is quite clear that under the second, third and fourth grounds of the motion, it should be sustained.

A form of judgment consistent with this opinion may be submitted within ten days from this date.