## SPENGLER et al. v. HUGHES TOOL CO.

### No. 3639.

Circuit Court of Appeals.

Tenth Circuit.

Aug. 7, 1948.

Kelsey Hutchinson and Earl Pruet, both of Oklahoma City, Okl. (Richardson, Shartel, Cochran & Pruet, of Oklahoma City, Okl., on the brief), for appellants.

Robert F. Campbell, of Houston, Tex., Fisher Ames, of Oklahoma City, Okl., Andrews, Kurth, Campbell & Bradley, of Houston, Tex. (Ames, Ames & Daughtery, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON and and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Hughes Tool Company brought an action against A. F. Spengler Company and A. F. Spengler for injunctive relief. In 1937, decree was entered granting a permanent injunction. No appeal was taken, and the decree became final. In 1946, the defendants filed in the case a petition for modification of the decree. On August 9, 1947, judgment was entered dismissing the petition. 73 F.Supp. 156. On August 21, a motion for new trial on the petition was filed; and on September 26, a supplemental motion for new trial was filed. On October 14, an order was entered denying the motion and the supplemental motion. And on December 29, notice of appeal was filed, appealing from the judgment entered August 9 dismissing the petition for modification of the original decree. A motion was filed in this court to dismiss the appeal on the ground that it was not taken within the time prescribed by law.

■ Under Rule of Civil Procedure 73, 28 U.S.C.A. following section 723c, an appeal is taken from the district court to the circuit court of appeals by filing with the clerk of the district court a notice of appeal. And the filing of the notice within the time prescribed by law is essential to the jurisdiction of the circuit court of appeals. Stradford v. Wagner, 10 Cir., 64 F.2d 749.

■ Section 129 of the Judicial Code, as amended, 28 U.S.C.A. § 227, provides in presently material part that where "an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder, an appeal may be taken from such interlocutory order or decree. * * * The appeal * * * must be applied for within thirty days from the entry of such order or decree * * *." Taking up the legislative background against which the statute was enacted as one element in determining its operative scope, section 7 of the Act approved March 3, 1891, 26 Stat. 826, 828, provided that where an injunction should be granted or continued by an interlocutory order or decree, an appeal might be taken from such order or decree within thirty days from its entry. By the Act approved February 18, 1895, 28 Stat. 666, section 7 was amended to provide that

where an injunction, should be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction should be refused, an appeal might be taken from such interlocutory order or decree within thirty days from its entry. Section 7 was again amended by the Act approved June 6, 1900, 31 Stat. 660, to provide that where an injunction should be granted or continued or a receiver appointed by an interlocutory order or decree, an appeal might be taken from such order or decree within thirty days after the entry thereof. The statute was further amended by the Act approved April 14, 1906, 34 Stat. 116, but the amendment does not seem to be material here. The Act approved March 3, 1911, 36 Stat. 1087, being the Judicial Code, followed. Section 129 thereof provides that where an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree within thirty days from its entry. By the Act approved February 13, 1925, 43 Stat. 936, section 129 was amended, and as amended it contains the provisions having pertinency here. And finally, the section was further amended by the Act approved April 3, 1926, 44 Stat. 233, but the amendment relates to appeals in admiralty and therefore has no bearing here. A careful examination of the several amendments considered in their totality indicates clearly a Congressional intent and purpose to broaden the statute. In its original form, the statute was limited to appeals from interlocutory orders or decrees granting or continuing injunctions. It went no further. But by process of successive amendments, it now covers a much larger field. And while other parts of the statute refer to an interlocutory order or decree granting, continuing, modifying, refusing, or dissolving an injunction, and to an interlocutory order or decree appointing a receiver, or refusing to wind up a pending receivership, the part relating to a judgment or decree refusing to dissolve or modify an injunction contains no such restriction. It provides in clear and unmistakable language that an appeal from an order or decree refusing to dissolve or modify an injunction shall be taken within thirty days from the entry thereof. The word "interlocutory" is not to be found in that part of the statute. And it cannot be said that the omission of the word was an oversight. Instead, it indicates that for reasons satisfactory unto itself, Congress determined that an appeal from any and every order or decree refusing to dissolve or modify an injunction shall be taken within thirty days from the entry of such order or decree. It must be presumed that if Congress had intended to limit that part of the statute to the taking of an appeal from an interlocutory order or decree refusing to dissolve or modify an injunction, it would have used apt and appropriate language to indicate such purpose. But Congress failed to do that.

■ Upon careful consideration, we think that Section 129, supra, governs the time within which the notice of appeal must be filed from an order or decree refusing to dissolve or modify an injunction. And since the notice of appeal in this case was filed long after the time had expired, the appeal is dismissed.