12 N.J. Super. 171 (1951)
79 A.2d 316
THERESA SENSALE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ANTHONY SENSALE, PLAINTIFF-APPELLANT,
v.
APPLIKON DYEING & PRINTING CORPORATION (NOW KNOWN AS BERTHUM CORPORATION) AND HUMBERT CORPORATION, CORPORATIONS OF THE STATE OF NEW JERSEY, AND ARTHUR NAZZARO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 12, 1951.
Decided March 7, 1951.
*173 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. David Cohn argued the cause for plaintiff-appellant.
Mr. John W. Hand argued the cause for defendants-respondents (Messrs. Evans, Hand & Evans, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendants' motion for dismissal made at the close of the plaintiff's case was granted in the Passaic County Court and the plaintiff appeals.
This negligence action was brought under the Death Act for the death of Anthony Sensale. Sensale was an employee of Applikon Textile Dyers & Printers, Inc., a corporation (hereinafter referred to as "Textile") which operated a textile dyeing and printing plant in Paterson. Textile is not a defendant in this action. During the afternoon of December 14, 1948, Sensale and other employees of Textile were engaged in turning a jay box in Textile's plant "a quarter way around" when Sensale was electrocuted. This jay box was a large machine in the form of an unright "J" which was operated by electricity. The jay box involved was a new machine which had been built and assembled in Textile's plant, and it had been installed less than two months when the accident to Sensale occurred. In the installation, wires were strung from the rafters over the machine to a motor attached to one side of the jay box, and wires were also strung from the motor *174 down to a switch box which was also attached to the side of the jay box below the motor. While the jay box was being moved, Sensale was holding a part of the metal frame of the jay box. There was no evidence that the jay box itself was defective in any way, but there was evidence from which a jury might have inferred that the electrical wiring installed for the operation of the jay box was negligently done, in that the wires were not enclosed in a metal conduit, open wires were inserted into a rough or sharp opening in the switch box, and there was no proper ground, and that Sensale's death while moving the jay box was caused by this negligent wiring. The wiring had been done by one Dargenio, an electrician employed by Textile, under the direct supervision of one Notte, the chief engineer employed by Textile, who had instructed Dargenio to use "open wires."
The defendants are Berthum Corporation (formerly known as Applikon Dyeing & Printing Corporation, which should not be confused with Textile), Humbert Corporation, and one Arthur Nazzaro, president of Textile, the employing corporation.
The plaintiff sought to hold Berthum Corporation and Humbert Corporation liable on the theory that they owned the jay box involved and that they could have reasonably foreseen the danger "in the use of the equipment which when tied up with electric current would be productive of injury and death to anyone coming in contact with it." There was testimony that machinery (without any identifying particulars) was purchased by Berthum Corporation and Humbert Corporation in December, 1947, and that Humbert Corporation on January 5, 1948, leased machinery (again without any identifying particulars) to Textile for a period beginning January 1, 1948, and ending December 1, 1952; but there was no evidence to connect either defendant corporation with the jay box involved or any equipment thereon or used in connection therewith. Therefore the dismissal as to the Berthum Corporation and the Humbert Corporation was proper. We note that counsel for the appellant, who also tried the case below, conceded as much on the argument of defendants' *175 motion, when he stated to the court below that he was willing to concede "that there might be a fair justification  my own opinion is there is sufficient  that there might be a fair justification for a motion in favor of" both corporate defendants.
A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character, but a director or officer who commits the tort or who directs the tortious act to be done, or participates or cooperates therein, is liable to third persons injured thereby, even though liability may also attach to the corporation for the tort. Pennington Trap Rock Co. v. Pennington Quarry Co., 22 N.J. Misc. 318 (Sup. Ct. 1944); 13 Am. Jur., Corporations, §§ 1086, 1087, 1092; 19 C.J.S., Corporations, § 845; cf. Reliable Woodworking Co. v. Lindeman, 105 N.J.L. 121 (E. & A. 1928); and Rose v. Bernhardt, 107 N.J.L. 501 (E. & A. 1931).
There was testimony that Nazzaro, as president of Textile, was the executive in charge of its operations; that he was frequently in the plant, sometimes twice a day and also in the evenings; that an employee of Textile, after experiencing difficulty in handling goods at the jay box, had called Nazzaro's attention to the operation of the machine and recommended a change in its location; and that Nazzaro was near the jay box about 20 minutes before the accident happened and at that time an employee overheard a conversation between Nazzaro and one D'Amico, an official of Textile, "about moving that jay box around so as to get more production." There was no evidence that Nazzaro gave any particular directions for the installation of the wiring, or that he in any way supervised, participated or cooperated in the installation thereof, and no evidence that Nazzaro gave any particular directions for the moving of the jay box, or that he in any way supervised, participated or cooperated in the moving thereof.
Plaintiff argues, however, that a prima facie case of Nazzaro's liability was made out, although there was no "evidence showing that he specifically directed the particular negligent act to be done, or participated or cooperated therein." *176 This argument is based on the claim that a jury could have legitimately found from the evidence (1) that a dangerous instrumentality was involved, and (2) that Nazzaro, acting with authority as master or manager, failed to warn and instruct the decedent as to the dangers of his employment of which Nazzaro knew, or in the exercise of reasonable care ought to have known, and of which Nazzaro knew or ought to have known the decedent had no knowledge, actual or constructive. Suffice it to say that no evidence has been called to our attention, and in our examination of the record we have found none, which could support a finding by the jury that Nazzaro knew or, in the exercise of reasonable care, ought to have known that the wires were installed in a negligent manner, or that the moving of the jay box would be dangerous because of the condition of the wires or of the switch box.
Plaintiff also contends that the court below erred in excluding testimony as to whether Nazzaro or anyone else on behalf of Textile obtained a permit for the installation of the wiring on the premises of Textile. We agree with the court below that, under the theory upon which the case was tried, such testimony was immaterial.
The plaintiff's contention that the court below erred in the admission and rejection of testimony in several specific instances was waived by her counsel at the oral argument.
The judgment is affirmed.
In this case we have dealt with the plaintiff's appeal, in spite of the fact that in the brief submitted by her counsel the references to the pages of the appendix and the citations of cases are, in a large number of instances, erroneous and the brief might well have been suppressed. See Rule 1:3-12. However, we wish to make it clear that such leniency is not to be expected in the future.