Louis LOBATO, Appellant,

v.

PAY LESS DRUG STORES, Inc., a corporation; Abe B. Cohen, James L. Grady, Charles Finke, and Burt Rosenburg, Appellees.

No. 5870.

United States Court of Appeals
Tenth Circuit.

Nov. 17, 1958.

Huxman, Circuit Judge, dissented.

Avelino V. Gutierrez, Albuquerque, N. M. (R. J. Matteucci, Albuquerque, N. M., was with him on the brief), for appellant.

John B. Tittmann, Albuquerque, N. M. (W. A. Keleher and A. H. McLeod, Albuquerque, N. M., were with him on the brief), for appellees, Pay Less Drug Stores, Inc. and Burt Rosenburg.

Peter Gallagher and Dale B. Walker, Albuquerque, N. M., were on the brief for appellees, Abe B. Cohen, James L. Grady and Charles Finke.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

Louis Lobato instituted this action in the District Court of Valencia County, New Mexico, against Pay Less Drug Stores, Inc., a corporation, Abe B. Cohen, James L. Grady, Charles Finke, and Burt Rosenburg, to recover damages for personal injury. The complaint was in two causes of action. Negligence was pleaded in the first cause of action and breach of implied warranty in the second. It was alleged in the first cause of action that plaintiff was a resident of Valencia County; that the corporate defendant owned and operated a drug store in Albuquerque, New Mexico; and that the remaining defendants resided in Bernalillo County, New Mexico. It was further alleged that the defendant Cohen was president of the corporate defendant; that the defendant Grady was manager of the drug store; that the defendant Finke was manager of the department in the drug store where bicycles were sold; and that the defendant Rosenburg was an employee in such department. It was further alleged that the defendants sold and delivered to plaintiff a certain bicy-cle; that the defendants and their agents and employees assembled the bicycle in a negligent manner; that they negligently failed to examine, inspect, and test the bicycle before it was sold to plaintiff; that they negligently represented to plaintiff that the bicycle was safe and suitable for ordinary use; that while plaintiff was riding the bicycle, it vibrated suddenly and violently, the front wheel disengaged from the frame, and plaintiff fell to the pavement and sustained personal injury; and that the breakdown of the bicycle was due to the negligent manner in which it was assembled. The allegations contained in the first cause of action in the complaint were expressly incorporated by reference into the second cause of action. In addition, it was alleged in such second cause of action that plaintiff expressly or by implication made known to the defendants that he wanted the bicycle for ordinary use in riding it; that plaintiff relied upon the skill and judgment of the defendants that the bicycle was fit for such use; that by virtue of such facts, the defendants warranted the bicycle to be reasonably fit for such purpose when in fact it was unfit therefor; that the bicycle was purchased by description; that the defendants dealt in bicycles of such description; and that by virtue of the facts, defendants warranted the bicycle to be of merchantable quality.

On the petition of the corporate defendant and the defendant Rosenburg, the cause was removed to the United States Court for the District of New Mexico. The ground of removal was diversity of citizenship between the plaintiff and the removing defendants, with the requisite amount in controversy. It was pleaded in the petition for removal that the plaintiff was a citizen of New Mexico; that the defendant Pay Less Drug Stores, Inc., was a corporation organized under the laws of Colorado; that the defendant Rosenburg was a citizen of California; and that the amount in controversy was in excess of $3,000, exclusive of interest and costs. It was fur-

ther pleaded that the defendant Cohen, president of the corporate defendant, the defendant Grady, manager of the corporate defendant, and the defendant Finke, manager of the corporate defendant, had been joined as parties; that the complaint failed to connect such defendants with any act of negligence, except a general allegation; that the complaint failed to show how the defendants Cohen, Grady, and Finke could be liable to plaintiff for any amount, and that such defendants were joined as parties defendant fraudulently, as a sham, and in bad faith, in an attempt to prevent the removal of the action to the United States Court. Separate affidavits of the defendants Cohen, Grady, and Finke were attached to the petition and made parts thereof. It was expressly stated in each of such affidavits that the affiant did not personally have anything whatever to do with the assembly or sale of the bicycle to plaintiff. An unverified response to the petition for removal and a motion to remand the action to the state court were filed. The defendants Cohen, Grady, and Finke filed a motion to dismiss the action as to them. The court denied the motion to remand and dismissed the action as against the defendants Cohen, Grady, and Finke. The cause came on for trial before a jury. The court directed a verdict in favor of the defendant Rosenburg; the jury returned a verdict in favor of the corporate defendant; judgment was entered upon the verdicts; and this appeal followed.

■ Error is predicated upon the action of the court in dismissing the cause as to the defendants Cohen, Grady, and Finke. The order of dismissal made final disposition of the cause as between plaintiff and such defendants and therefore was a final judgment from which an appeal would lie. Rule of Civil Procedure 73(a), 28 U.S.C.A., provides in presently pertinent part that when an appeal is permitted by law from the district court to the court of appeals, it shall be taken within thirty days from the entry of the judgment appealed from;

and that a party may appeal by filing with the district court a notice of appeal. The filing of the notice of appeal within the time prescribed by law is essential to the jurisdiction of the circuit court of appeals. Spengler v. Hughes Tool Co., 10 Cir., 169 F.2d 166; Lejeune v. Midwestern Insurance Company of Oklahoma City, 5 Cir., 197 F.2d 149; Kahler-Ellis Co. v. Ohio Turnpike Commission, 6 Cir., 225 F.2d 922. The judgment dismissing the action as to the defendants Cohen, Grady, and Finke was entered on September 25, 1957, and the notice of appeal was filed on March 19, 1958. Since the notice of appeal was not filed within the time fixed by the rule, this court is without jurisdiction to review the judgment of dismissal.

■ Further asserted error is predicated upon the action of the court in denying the motion to remand the cause to the state court. The grounds of the motion to remand were that the controversy involved a plaintiff and defendants who were citizens of New Mexico and that only part of the defendants joined in the petition for removal. The essence of the argument is that the plaintiff and the defendants Cohen, Grady, and Finke were citizens of New Mexico and therefore the cause was not removable upon the ground of diversity of citizenship. While it was alleged in general language in the complaint that the "defendants" sold and delivered the bicycle to plaintiff, it was purchased from the corporate defendant. That was fairly apparent or implied from the face of the complaint, considered in its entirety, and it is expressly admitted in the brief of appellant. In other words, the corporate defendant was the seller and plaintiff was the purchaser. The defendant Cohen was an officer and the other individual defendants were agents of the corporate defendant. It is the general rule that if an officer or agent of a corporation directs or participates actively in the commission of a tortious act or an act from which a tort necessarily follows or may reasonably be expected to follow, he is personally liable to a third person for

injuries proximately resulting therefrom. But merely being an officer or agent of a corporation does not render one personally liable for a tortious act of the corporation. Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation. Phelps Dodge Refining Corp. v. Federal Trade Commission, 2 Cir., 139 F.2d 393; Sensale v. Applikon Dyeing & Printing Corp., 12 N.J.Super. 171, 79 A.2d 316; Levi v. Schwartz, 201 Md. 575, 95 A.2d 322, 36 A.L.R.2d 1241; Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 112 N.E.2d 790; Young v. Featherstone Motors, 97 Ohio App. 158, 124 N.E.2d 158; Cato v. Silling, 137 W.Va. 694, 73 S.E.2d 731; Darling & Co. v. Fry, Mo. App., 24 S.W.2d 722; 3 Fletcher, Cyclopedia on Corporations (Permanent Edition) § 1137; 13 Am.Jur. on Corporations § 1087.

■ The complaint failed to charge in specific terms any specific acts on the part of the individual defendants which constituted affirmative direction, sanction, participation, or cooperation in the alleged tortious act of the corporate defendant in selling to plaintiff a defective bicycle which collapsed and caused his injury. Moreover, it affirmatively appeared from the affidavits of the defendants Cohen, Grady, and Finke that such defendants did not personally have anything to do with the assembly and sale of the bicycle. And the facts stated in the affidavits were not challenged by counter affidavits or other evidence. At the time of the denial of the motion to remand, it was fairly apparent that plaintiff had an alleged cause of action against the corporate defendant but not against the individual defendants. And in view of the apparent want of basis for the allegations in the complaint concerning the relation of the defendants Cohen, Grady, and Finke to the transac-

tion between the plaintiff and the corporate defendant, and the uncontradicted evidence in the affidavits of such defendants that they had nothing to do with the assembly and sale of the bicycle, the court was warranted in reaching the conclusion that such defendants were joined as parties to the action for the purpose of defeating the right of removal. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430.

■ Even though failing to state a cause of action against the individual defendants, the complaint did state a cause of action against the corporate defendant for which relief could be granted. There was diversity of citizenship between plaintiff and the corporate defendant, and the requisite sum was in controversy. There was also diversity of citizenship between plaintiff and the defendant Rosenburg. The corporate defendant and the defendant Rosenburg joined in the petition for removal. The cause was effectively removed upon the petition of such defendants, and the court did not err in declining to remand it. Knight v. Atlantic Coast Line Railroad Co., 5 Cir., 73 F.2d 76, 99 A.L.R. 405.

The appeal from the judgment dismissing the action as to the defendants Cohen, Grady, and Finke is dismissed; and the judgment denying recovery against the corporate defendant and the defendant Rosenburg is affirmed.

LEWIS, Circuit Judge (concurring).

The petition for removal here alleged a fraudulent joinder of parties defendant for the specific purpose of defeating removal and pointed up the sham in particularity by allegations that these defendants had nothing whatsoever to do with the acts claimed to be the basis of plaintiff's cause of action as pleaded in the complaint. By response to the petition, plaintiff denied the allegations of the petition and moved to remand. The trial court then held a hearing upon the issues and ruled favorably to petitioners' contentions. Such hearing necessarily

explored the good faith of plaintiff, a question of fact. The instant record does not show in any way the evidence considered by the trial court and as a consequence we can in no way hold the basis of his ruling to be clearly erroneous and must affirm. To me, the case is as simple as that.

HUXMAN, Circuit Judge (dissenting).

The only question before the trial Court and before us on this appeal is whether the case was properly removed because of fraudulent joinder of resident defendants against whom the plaintiff had no cause of action, for the sole purpose of preventing removal. The mere fact that the plaintiff had no cause of action against the resident defendants would not constitute a fraudulent joinder unless he knew, or by the exercise of reasonable prudence should have known, that he had no cause of action against them, and knowing this nonetheless joined them for the purpose of preventing removal.

I am unable to join with my associates for two reasons: First, the petition for removal was legally insufficient, upon its face, to state a cause of fraudulent joinder; and second, there was no evidence before the trial Court sufficient to sustain a finding of fraudulent joinder.

Fraud means evil, bad faith. It implies intentional wrong-doing.[1] A pleading predicated upon fraud must state facts sufficient to support a finding of fraud. A mere allegation of fraud without setting out facts which, if uncontradicted, would warrant a finding of fraud, states a mere conclusion insufficient to state a cause of action entitling the pleader to any relief.[2] These rules of pleading apply with equal force to a removal petition on the ground of fraudulent joinder of resident defendants. The Supreme

Court in Wilson v. Republic Iron & Steel Company, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144, said:

"* * * but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions."[3]

And in Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 280, 58 L.Ed. 544, the Court said:

"As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing, in order that the court may draw the proper conclusion from all the facts * * *"

And again,

"So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; *but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the eqithet 'fraudulent' to the joinder, will not suffice:* the showing must be such as compels the conclusion that the joinder is without right and made in bad faith * * *."[4]

The only reference in the petition for removal because of fraudulent joinder is found in subparagraph (e) where it is stated that A. B. Cohen, James L. Grady, and Charles L. Finke "were joined as party defendants fraudulently, as a sham, and in bad faith, to prevent the removal of this action from the District Court of Valencia County, New Mexico, to this Court."

These allegations are but the conclusions of the pleaders as to what mo-

---

1. Davis v. Commissioner, 10 Cir., 184 F. 2d 86, 22 A.L.R.2d 967.

2. This is a universal rule and needs no citation of authority, but see Fraud and Deceit, 24 Am.Jur. § 244.

3. See also, Illinois Central R. Co. v. Sheegog, 215 U.S. 308, 316, 30 S.Ct. 101, 54 L.Ed. 208.

4. Emphasis supplied.

tivated the joinder and state not a single fact from which an inference of fraud could be found. It is my conclusion, under the authorities set out above, that the petition on its face is insufficient to state a single fact which could support a finding of bad faith, willful wrongdoing, or sinister motive in the mind of the plaintiff in joining the individual parties as defendants.

The second question remains—Were there facts brought out on the hearing on the petition to remove which would support a finding of fraud. Admittedly, the only additional facts before the court were the allegations of the affidavits of the three resident defendants who stated in identical language that, "at no time did he personally have anything whatsoever to do with the assembly or sale of the bicycle referred to in plaintiff's complaint and that he is not and could not be personally liable for any damages claimed by the plaintiff." While the Trial Court made no specific findings of fact, the entire record impels the conclusion that the only thing before the Court on the hearing on the motion to remand was these three affidavits.

The affidavits, taking them at face value, were in my opinion wholly insufficient to supply the failure of the petition to state facts from which evil intent, wrongful purpose, or bad faith on the part of the plaintiff in joining these defendants could be found. If it ultimately should be established that they related the true facts, without more, they would only show that the plaintiff was wrong in assuming that they were liable to him. The fact that there is an ultimate finding of non liability is of itself insufficient to establish fraudulent joinder.[5]

Reference is made in the majority opinion to the fact that no counter affidavits were filed by the plaintiff. Until the removing defendants came forward with something from which an evil intent in joining these resident defendants could be found, there was no need for plaintiff to go forward. Some support for the Court's opinion seems to be sought in the failure of the petition to charge in specific terms any specific acts of negligence on the part of the resident defendants which constituted active participation or cooperation in the alleged tortious acts of the corporate defendant.

The petition alleged in general terms that, "The defendants, their agents, and their employees assembled the bicycle in such a negligent manner as to cause a break down * * *" If, as conceded by the majority, the allegations are sufficient to state a cause of action against the corporation, they are sufficient to state a cause of action against the individual employee defendants. A corporation can, of course, act only through its employees. If they committed these acts, they did it as the acts of the employees of the corporation and participation and cooperation would flow from what they did.

The case of Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 186, 51 L.Ed. 430, is in my opinion clearly distinguishable from this case. In the first place it contains a good example of what a petition for removal on the ground of fraudulent joinder must set out. The petition there alleged that "Wettengel had been improperly and fraudulently joined as a defendant for the purpose of fraudulently and improperly preventing, or attempting to prevent, the defendant from removing the cause to the United States circuit court, *and that the plaintiff well knew, at the time of the beginning of the suit, that Wettengel was not charged with the duties aforesaid, and that he was joined as a party defendant to prevent the removal of the cause, and not in good faith.*"[6]

On the hearing in that case, there were affidavits and counter affidavits from which the finding was warranted that not only did the individual defendants have no connection with the acts on which the plaintiff's cause of action

5. Illinois Central R. Co. v. Sheegog, supra.

6. Emphasis supplied.

was predicated but also that the plaintiff knew this.

For the reasons above stated, I must respectfully dissent from that portion of the opinion refusing to reverse and remand the case to the State Court.

