Geraldine B. JAMES, Doris L. Dixon, Frank J. Dixon and Esther L. Dixon, Plaintiffs,

v.

NATIONAL POOL EQUIPMENT CO., Inc., a corporation, Midwest Pool & Court Co., a corporation, Charles O. Hill, Kenneth D. Williamson and Robert Martin, Defendants.

Civ. A. No. P-2313.

United States District Court
S. D. Illinois, N. D.

Sept. 20, 1960.

**600**

Wilbur D. Dersch, Peoria, Ill., for plaintiffs.

Eugene R. Johnson, Miller, Westervelt & Johnson, Peoria, Ill., for defendant Charles O. Hill, National Pool Equipment Co., Inc., and Robert Martin.

McConnell, Kennedy, McConnell & Morris, Peoria, Ill., for defendant Midwest Pool & Court Co., and Kenneth D. Williamson.

MERCER, Chief Judge.

This suit, commenced in the Circuit Court of Peoria County, Illinois, names as defendants, National Pool Equipment Co., Inc., Midwest Pool & Court Co., Charles O. Hill, Kenneth D. Williamson, and Robert Martin. All of the plaintiffs and the defendant, Hill, are citizens of the State of Illinois. The defendants, except Hill, are citizens of States other than Illinois.

Upon the verified petition of the defendants, National and Robert Martin, in which the defendants, Midwest and Kenneth D. Williamson later joined, on July 15, 1960, the cause was ordered removed to this court for trial. As its jurisdictional basis, the petition for removal alleged diversity of citizenship of the parties. The requisite amount for diversity jurisdiction is alleged in the complaint. The defendants, National and Robert Martin are citizens of the State of Alabama, and the defendants, Midwest and Kenneth D. Williamson are citizens of the State of Missouri.

Relevant to the jurisdictional situation with respect to defendant, Hill, defendants alleged in their petition for removal that Hill is merely an employee of the defendant, National, and that all acts done by him in relation to the matters alleged in plaintiffs' complaint were done in his capacity as an employee of that defendant, that Hill had at no time had any contact whatsoever with the plaintiffs, that he had never entered into any agreement with the plaintiffs, or made any commitments or promises to them, that he does not know any of the plaintiffs personally, and that he had never been in Peoria, or in the vicinity of Peoria, on any business in connection with the plaintiffs herein. On those facts, it is averred in the petition that Hill was joined as defendant in this suit in bad faith and for the fraudulent purpose of defeating the jurisdiction of this court and for the purpose of defeating the defendants' right to remove the case to a federal court for trial.

Thereafter, on June 24, 1960, plaintiffs filed their "Motion to Dismiss Petition for Removal to the United States District Court" which, for purposes of disposing of the issue now presented for decision, is construed as a motion to remand the cause to the state court. That motion, which we treat as a motion to remand, is grounded on the basis "that the District Court lacks jurisdiction" and "that the petitioners (defendants) failed to establish diversity of citizenship necessary for removal to the United States District Court". The cause is now before the court upon that motion to remand.

■ Defendants' petition for removal of the cause to this court is predicated upon the established principle that a suit, filed in a state court, may be removed to a federal court for trial and diversity jurisdiction may be invoked, notwithstanding the fact that a resident defendant is named in the complaint, if the joinder of such resident defendant as a party appears to the court to be not in good faith and a fraudulent attempt to defeat the right of the defendants as to whom diversity of citizenship does exist to have the cause removed to a federal court. Wecker v. National Enameling Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430; Wilson v. Republic Iron & Steel

Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Chesapeake & O. Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Lobato v. Pay Less Drug Stores, 10 Cir., 261 F.2d 406; Covington v. Indemnity Ins. Co., 5 Cir., 251 F.2d 930. The majority opinion in the Lobato case suggests that bad faith and fraudulent intent are proved when the undisputed facts before the court reveal that the plaintiff, in a cause as above described, does not have and does not state any cause of action against the resident named. Supra, 261 F.2d at page 409.

In Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144, it is said that, the requisite amount for diversity jurisdiction being invoked in a given suit, the right of a defendant as to whom diversity of citizenship exists to remove the cause to a federal court "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." The court then continues, at pages 97 and 98 of 257 U.S., at page 37 of 42 S.Ct.:

> "If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions. * * * The petition must be verified * * *, and its statements must be taken by the state court as true * * *. If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court * * *, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. * * * But if the plaintiff does not take issue with what is stated in the petition, he must be taken as as-

senting to its truth, and the petitioning defendant need not produce any proof to sustain it."

Following the substantive and procedural principles set forth in the Wilson case, I turn to the pleadings filed and proof adduced in the present case to determine whether, under any reasonable intendment, plaintiffs have, or state a cause of action against, the Illinois citizen, Hill.

The complaint, as it relates to Hill, is grounded upon charges of fraud and deceit and conspiracy to defraud. Count I thereof, grounded upon fraud and deceit, is expressly drafted as a claim against National. Pertinent to the defendant Hill, that Count states as follows:

> "4. That at all times hereinafter mentioned, and prior and subsequently thereto, defendant, Charles O. Hill, was and is a resident of Decatur, Macon County, Illinois, and is a licensed engineer in the State of Illinois, and in such capacity designs and prepares plats and specifications for construction of swimming pools."

Count I then alleges that plaintiffs desired to have constructed and to operate in Peoria County certain swimming pools. The count then alleges in general terms that plaintiffs discussed the selection of a site for three swimming pools "with the Defendants or their agents or servants;" that the plaintiffs, on June 18, 1959, entered into an agreement with defendant, National, whereby the latter agreed to furnish plans, specifications and estimated costs of the project, and that thereafter, on October 19, 1959, plaintiffs entered into an agreement with defendant, Midwest, whereby the latter agreed to construct three swimming pools and a bath house upon real estate owned by plaintiffs for a contract price of $134,782.00; that "the defendants or through their agents or servants" falsely and fraudulently represented to plaintiffs that a survey had been made by a qualified engineer estab-

lishing that the site selected was suitable for swimming pool locations, the plans and specifications for construction had been made by a qualified engineer selected by "said defendants" after the engineer had examined the premises, that the condition of the soil and terrain were inducive to a good sewage system, that the Illinois Department of Public Health had approved the proposed sewage facilities and that defendants would arrange for adequate financing for the swimming pool project; that plaintiffs relied upon those representations to their detriment, and that "as defendants well knew at the time of the making thereof" the representations were entirely false and were made with the intent of deceiving and defrauding the plaintiffs. Judgment is prayed against National, and no specific reference to Hill is made in Count I, with the exception of paragraph 4 thereof, which is above quoted in its entirety.

In Count III plaintiffs, by reference, reallege all of the paragraphs of Count I, and, without any additional allegations, pray for judgment against Hill. In Count VI, plaintiffs reallege all paragraphs of Count I by reference, and, without any additional allegations, pray judgment against all of the defendants, jointly, including Hill.

It is clear that Count III and VI do not state any claim against Hill upon which any relief can be granted. If the complaint alone is considered, there is no allegation that Hill had any connection whatsoever with plaintiffs' swimming pool project. As appears from the quotations and summary of Counts I, III and VI above, the complaint alleged only that Hill is a resident of Illinois and is an engineer licensed by the State of Illinois who designs and prepares plats and specifications for construction of swimming pools. There is not a semblance of any allegation that Hill had any connection whatsoever with the agreements with Midwest and National or with any facet of plaintiffs' project.

Moreover, the complaint does not stand alone in support of the conclusion that no cause of action exists or is stated against Hill. The allegations of the petition for removal, that Hill is merely an employee of National, that he made no contact whatsoever with the plaintiffs and entered into no agreements, commitments or any promise to plaintiffs relating to their swimming pool project, that he doesn't know any of the plaintiffs personally and had never been in Peoria or the Peoria vicinity on any business connected with plaintiffs' project, are admitted by plaintiffs by their failure to controvert such allegations in their motion to remand. Also, at the hearing upon the motion to remand, plaintiff, Doris Dixon, corroborated the allegations that Hill had had no contact with plaintiffs, had not discussed the swimming pool project with plaintiffs and had made no representations or promises to them.

Hill testified that he was a licensed, independent, structural engineer, and that he was employed under contract by National in that capacity. Plans and specifications for pools were submitted to him by National for his examination. If he found such plans and specifications to be structurally sound, he attached his signature thereto as a structural engineer and then sent the plans to the Illinois State Department of Public Health at Springfield. He had examined the plans submitted for plaintiffs' project and had approved them for structural soundness. He had never discussed plaintiffs' project with any of the plaintiffs or defendants, and the only letter written by him with respect thereto was his letter transmitting the plans and specifications to the Health Department. He further testified that he did not know any of the plaintiffs, and none of the defendants except Robert Martin. Hill further testified that he did not design the swimming pools in question, he did not construct them, he did not approve of the pools' location, and he had never been in Peoria; and, further, that he knew nothing of the

contracts with respect to the pools, either as to the price of the pools, costs of constructing the pools, lay-out of the pools, or the financing thereof.

■ It seems clear, beyond peradventure, from the pleadings filed and evidence adduced before the court that neither Count III nor Count VI states any cause of action against Hill.

The only count of the complaint other than Counts III and VI which purports to state any charge against Hill is Count VII, which purports to allege a conspiracy. Count VII realleges all of the charging paragraphs of Count I and contains the following additional language, to-wit:

"15. That the aforesaid acts were and each of them was, fraudulently, maliciously and unlawfully done by the Defendants, or one or more of them, or by the servant or agent of one or more of them, in furtherance of a conspiracy to induce the Plaintiffs to sign and execute the Agreements designated as 'Exhibit A' and 'Exhibit B' attached hereto and made a part hereof, and to further induce the Plaintiffs to pay large sums of money to the Defendants herein, and as a result thereof, Plaintiffs have been greatly hindered and delayed and have been put to great cost and expense in advertising the prospective pools to the general public and the Plaintiffs have suffered mental anguish in not having the pools ready for use by May 15, 1960, as provided in said Agreement, and the Plaintiffs have placed real estate mortgages on their respective residential properties in order to pay the expenses incurred.

"16. That had it not been for the fraudulent and malicious acts and misrepresentations by Defendants so conspiring together. Plaintiffs would not have purchased said real estate for swimming pool development or entered into said agreements or would not have bor- rowed money on their residential properties or would not have advertised the opening of the pools to the general public."

Count VII is then concluded with a prayer for judgment against all of the defendants, including Hill.

■ Although I was initially inclined to a contrary position, I am now convinced that Count VII, also, fails to state any claim upon which relief could be granted against Hill. As I have previously pointed out, the allegations of the petition for removal which are material to Hill's connection with plaintiffs' project are admitted by plaintiffs. Upon the hearing upon the motion to remand, defendants assumed the burden of adducing proof that no cause of action exists in favor of, or could be stated by, plaintiffs against Hill. Relevant to the conspiracy count, Hill testified that he knew none of the parties to the litigation, other than Martin, that he had had no conversations or correspondence with any of the plaintiffs or any of the defendants respecting the plaintiffs' swimming pool project, that he had no notice or knowledge of the terms and conditions of the contracts entered into between plaintiffs and National and plaintiffs and Midwest, respectively, that he did not participate in the design, selection of location, or any facet of the construction of the pools, that he had no interest in the transaction, and that the only act that he had done with relation to plaintiffs' swimming pool project was to receive the National plans and specifications which he approved as to structural soundness and then forwarded to the Health Department. Hill's testimony stands uncontradicted and is, in part, corroborated by the testimony of the plaintiff, Doris Dixon.

Assuming, for argument's sake, that Count VII of the complaint contained factual allegations sufficient to state a charge of conspiracy against any of the defendants, when that count is considered in conjunction with the admitted allegations of the motion of the petition for removal and the uncontroverted tes-

timony of Hill, the conclusion is impelled that no claim upon which any relief can be granted against Hill is stated in the complaint. The further conclusion is then impelled that Hill was joined as a party to the cause of action to defeat the right to remove the cause to the federal courts.

 Plaintiffs contend that fraudulent misjoinder of a resident will not be presumed from the facts of misjoinder alone; that it was necessary for the defendants to prove guilty knowledge and fraudulent intent on plaintiffs' part in naming Hill as a party to the suit. That contention is only half sustained by the reported cases. Fraudulent intent to defeat federal jurisdiction is an element of proof where fraudulent misjoinder of a resident defendant is charged, but, upon proof of a plaintiff's knowledge of his lack of any legitimate claim against such resident defendant, a fraudulent joinder with intent to defeat the right of removal will be presumed. Covington v. Indemnity Ins. Co., 5 Cir., 251 F.2d 930, 934; Toadvine v. Cincinnati, N. O. & T. P. Ry. Co., D.C., 20 F. Supp. 226, 227; to the same effect is Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 261 F.2d 406, 409. Plaintiffs' knowledge of the absence of any legitimate claim against Hill is fairly shown by the pleadings, fortified by the testimony of Doris Dixon that Hill had had no contact with plaintiffs whatsoever relative to the swimming pool project.

As the opinion in Wecker v. National Enameling Co., 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430, suggests, this court should be jealously vigilant to protect its jurisdiction in diversity cases from encroachment by devices for its defeat, and equally vigilant to protect the concurrent jurisdiction of the state courts. Such vigilance is required not to protect the respective realms of power, as such, of the federal and state courts, but to protect the respective rights of litigants to select the forum best calculated to enforcement of their substantive rights.

The balance between conflicting allegations of procedural right, as in the issue at bar, is not easily found. Here, however, I am convinced from the uncontroverted evidence adduced by defendants that there is no legal or rational basis upon which plaintiffs can assert any claim against Hill growing out of transaction alleged in the complaint. The defendants as to whom complete diversity of citizenship exists cannot be denied their statutory right to have the cause removed to this court for trial.

Plaintiffs' motion to remand is overruled and denied.