Kris WELLBORN, Plaintiff,

v.

MOUNTAIN ACCESSORIES CORPORATION, a/k/a MAC, Inc., a Tennessee corporation; and Wayne Daniel, individually, Defendants.

No. 95–CV–211–J.

United States District Court,
D. Wyoming.

Oct. 20, 1998.

P. Richard Meyer, Mel C. Orchard, III, Meyer & Williams, Jackson, WY, for plaintiff.

Donald I. Schultz, Holland & Hart, Cheyenne, WY, John L. Gallinger, Paula Ann Fleck, Holland & Hart, Jackson, WY, Curtis B. Buchhammer, Orr Buchhammer & Kehl, Cheyenne, WY, Daniel Kane, Atlanta, GA, for Defendants. ·

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment.

Plaintiff, Kris Wellborn, is a firearms enthusiast. He lost an arm when a "load your own" canister exploded in a launching device he was holding. He filed this action for strict products liability, express warranty,

implied warranty of merchantability, implied warranty of fitness for a particular purpose, and negligence against defendant Mountain Accessories Corporation (MAC) alleging it sold him the defective canister and launcher. Plaintiff also sued Wayne Daniel, MAC's sole shareholder, president, officer and director in his individual capacity. He also sued Dick Loffer, a MAC employee that allegedly provided improper directions for the use of the products. Shortly before trial, Mr. Daniel was dismissed in his individual capacity on summary judgment.

The case was tried before a jury between October 28, and November 6, 1996. Mr. Wayne Daniel attended all depositions in this case on behalf of MAC, attended the trial, testified as the representative of MAC, and participated in the defense.

The jury returned a verdict in favor of plaintiff and against MAC on all claims. The jury found Mr. Loffer not liable. The jury determined plaintiff's damages were $200,000 and determined he was ten percent negligent. Applying Wyoming's comparative fault statute, the court entered judgment for plaintiff in the amount of $180,000. The parties appealed.

On appeal, the Tenth Circuit Court of Appeals affirmed on all issues except the dismissal of Mr. Daniel in his individual capacity. The Appeals Court found that there was an issue of fact regarding whether Mr. Daniel could be individually liable on the claims citing *Zimmerman v. First Federal Savings and Loan Ass'n*, 848 F.2d 1047 (10th Cir. 1988), and remanded for further proceedings against Mr. Daniel.

On remand, plaintiff moves for summary judgment. He contends that he is entitled to summary judgment against Mr. Daniel on theories of *respondeat superior, stare decisis*, collateral estoppel and res judicata. He contends that the undisputed evidence shows Mr. Daniel is individually liable for the corporation's torts.

 As an initial matter, the court finds that the doctrines of *stare decisis* and *respondeat superior* are not applicable. *Stare decisis* is not applicable to the determination of whether an individual defendant, who was dismissed from the case before his liability was determined, is liable for a judgment

based on jury verdict against a corporate defendant.

 *Respondeat superior* is a doctrine whereby the wrong of the agent is the wrong of his employer, where the agent is acting within the scope of his employment. *See Parker v. Vanderbilt University*, 767 S.W.2d 412, 415 (Tenn.App.1988). It is not a doctrine under which the liability of the employer, MAC may be imputed to its sole shareholder or officer. Similarly, the doctrine of *respondeat superior* can not be used to impute liability to Mr. Daniel under plaintiff's theory that if the jury found MAC liable and Mr. Loffer not liable, Mr. Daniel must necessarily be liable because his were the only other person's actions that were considered by the jury.

Plaintiff contends that res judicata or collateral estoppel require summary judgment on the issue of Mr. Daniel's personal liability because Mr. Daniel was the person conducting MAC's defense. Citing Restatement (Second) of Judgments § 39.

In *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, (10th Cir.1989), the Tenth Circuit examined the use of the doctrines of collateral estoppel and res judicata:

As a general rule we apply federal law to the res judicata issue in successive diversity actions, but federal law will incorporate state law when the issue is more distinctly substantive, as with concept of "privity." *Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1333 (10th Cir.1988). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *St. Louis Baptist Temple v. FDIC*, 605 F.2d 1169, 1174 (10th Cir.1979). Stated differently, " 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (quoting *Montana v. United States*, 440

U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). We have adopted the transaction approach of the Restatement (Second) of Judgments § 24 (1982) to determine what is a single "cause of action." *Petromanagement*, 835 F.2d at 1335. Section 24 states a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient unit. *Id.* at § 24(2).

There is no definition of "privity" which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same. *St. Louis Baptist Temple*, 605 F.2d at 1174. Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e. trustee and beneficiary); successive relationship to the same property or right (i.e. seller and buyer); or representation of the interests of the same person. 1B J. Moore, J. Lucas, T. Currier, Moore's Federal Practice, ¶ 0.411[1] at 392 (2d ed.1988).

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes relitigation of that fact or issue in a second suit involving the same party of their privy. *Montana v. United States*, 440 U.S. at 153, 99 S.Ct. 970 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)); *St. Louis Baptist Temple*, 605 F.2d at 1175.

*Lowell Staats Min. Co.*, 878 F.2d at 1274–75.

In *Lowell Staats Mining*, the court held that when a director is sued in his official capacity, "a director's close relationship with the corporation will generally establish privity" and therefore all claims against him in his capacity as a director were barred by res judicata. *Id.* at 1277 and 1278 (citing *Oglala Sioux Tribe v. Homestake Min. Co.*, 722 F.2d 1407, 1410 n. 3 (8th Cir.1983)[1] However, the court also dismissed a claim against a director in his individual capacity because there was an insufficient basis alleged to establish individual liability for the corporation's fraudulent conveyance. Similarly, the court affirmed the dismissal of an individual defendant because the employee/employer relationship does not establish privity for purposes of barring a claim, 878 F.2d at 1276 (citing *Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir.1986)).

In *Morgan*, the court held there was no privity between an employee and his employer despite the fact that the dismissed suit against the employer was based on the employee's actions under *respondeat superior*.

> Wyoming law of res judicata applies only to parties or their privies. We fail to see how [defendant's] employee/employer relationship bars his presence in this suit when he is named for actions for which he allegedly was personally responsible. We, too, fail to see how the prior suit against the City alleging the deprivation of procedural rights bars this action for punitive damages against [the city employee] for acts he allegedly committed under color of state law. If the only basis for the City's liability was *respondeat superior*, and the suit [against the employer] was dismissed, [defendant] can still be subject to suit in his own capacity. The trial court misapplied Wyoming law in precluding suit against [defendant] on the grounds of privity.

*Morgan*, 792 F.2d at 980.

In a case similar to *Morgan*, the Tenth Circuit held that a civil rights case against University of Kansas employees in their individual capacity was not barred by res judicata because the employees were not in privity

---

**1.** *Oglala Sioux*, a case cited by plaintiff, involved a finding of privity between a corporation and its directors where the directors were named as defendants solely in their capacity as directors of the corporation. 722 F.2d at 1410 n. 3; *accord*

*Fox v. Maulding*, 112 F.3d 453 at 459 (10th Cir.1997) (claims against defendants in capacity as officers and directors are barred by res judicata effect of prior state court actions for dissolution of partnership and foreclosure).

with their employer, the University, which had previously prevailed on a trial on the merits of the discrimination claim. *Willner v. Budig,* 848 F.2d 1032, 1034 n. 2 (10th Cir.1988) (citing *Morgan, supra* ). However, the court did find that collateral estoppel applied as to the fact of the alleged harassment because the plaintiff had a full and fair opportunity to prove in the previous suit that the University's agents retaliated against her. *Id.* at n. 3.

On the issue of the application of collateral estoppel against a non-party to a judgment the Tenth Circuit has held that merely testifying in the prior trial is insufficient to establish that estoppel should be applied.

> The Supreme Court has held that due process is implicated when a prior judgment is urged as binding on a nonparty. *See Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The Court has also held that an adverse judgment in an action is conclusive against participating nonparties when they "assume control over litigation in which they have a direct financial or proprietary interest . . . ." *Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The court in *Montana* listed several indicia of the exercise of control sufficient to impose collateral estoppel against a nonparty, including requiring the suit to be brought, reviewing and approving the complaint, paying attorney fees and costs, directing the appeal, and filing an amicus brief. *See id.* at 155, 99 S.Ct. 970. In this case the only evidence cited by the district court to support estoppel was [defendant's] testimony and his access to all of the written discovery materials possessed by the [plaintiffs in the prior case]. This hardly establishes [defendant's] control over the [earlier] litigation. *See generally* 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.411[6], at 456–58 (1984). We have said that where estoppel is asserted against a nonparty, "[t]he test to be used is whether [the nonparty] had a full and fair opportunity to litigate the issues in the prior case." *United States v. Jensen,* 608 F.2d 1349, 1355 (10th Cir. 1979). [The defendant's] testimony on behalf of the [plaintiffs in the prior case], even with access to [the plaintiffs' evi-

dence], does not establish that [he] controlled the litigation to the extent that he had an opportunity to fully litigate the alter ego issue. Therefore, estoppel does not apply.

*Ponderosa Development Corp. v. Bjordahl,* 787 F.2d 533, 536 (10th Cir.1986).

In the *Montana* case cited by the Tenth Circuit in *Ponderosa Development,* the Supreme Court held that the "United States was estopped from litigating the issue of a law's constitutionality where it had assumed virtually total control of an earlier lawsuit also seeking to resolve that question, even though it had not been a party to the earlier action." *Freeman v. Lester Coggins Trucking, Inc.,* 771 F.2d 860, 864 n. 3 (5th Cir. 1985). The Supreme Court in *Montana* noted that the applicable estoppel in such circumstances was issue preclusion, more commonly called collateral estoppel and not claim preclusion or, as it is more commonly called, *res judicata.* 99 S.Ct. at 974.

> Application of [collateral estoppel and res judicata] is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.
>
> These interests are similarly implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved. As this Court observed in *Souffront v. Compagnie Des Sucreries,* 217 U.S. 475, 486–87[, 30 S.Ct. 608, 54 L.Ed. 846] (1910), the person for whose benefit and at whose direction a cause of action is litigated cannot be said to be "strangers to the cause. . . . [O]ne who prosecutes or defends a suit in the name of another to establish and protest his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . .

is as much bound ... as he would be if he had been a party to the record." Preclusion of such nonparties falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action. And the cause of action which a nonparty has vicariously asserted differs by definition from that which he subsequently seeks to litigate in his own right. *Montana*, 440 U.S. at 154, 99 S.Ct. 970 (citations partially omitted) *see also* footnote 5, *id.*, noting that "Although the term 'privies' has been used on occasion to denominate nonparties who control litigation; this nomenclature has been criticized ..."

■ Thus, under *Montana*, the doctrine of res judicata is not applicable to the issue in this case. *Id.* However, the doctrine of collateral estoppel has a limited application.

Collateral estoppel only applies to issues actually and necessarily determined in the prior proceeding. *Laws v. Fisher,* 513 P.2d 876, 877 (Okla.1973).... Moreover, collateral estoppel applies only to person who were parties or in privity with parties to the prior proceeding. *Laws,* 513 P.2d at 877.

*Davis v. Gracey,* 111 F.3d 1472, 1477 (10th Cir.1997) (claim not barred where earlier state court action did not raise statutory basis for later suit and plaintiff not in privity with party to prior suit).

Collateral estoppel, however, does not always require that the parties be the same. Instead, collateral estoppel "requires an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential." *Sil–Flo, Inc.,* 917 F.2d at 1520.

\* \* \* \* \* \*

Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine in invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had

a full and fair opportunity to litigate the issue in the prior action.

*Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir.1995) (quoting *United States v. Rogers,* 960 F.2d 1501, 1508 (10th Cir.), *cert. denied,* 506 U.S. 1035, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992)).

■ In this case, the issues of product liability, negligence, damages and plaintiff's comparative fault which would be before the jury at trial on Mr. Daniel's personal liability are identical to the same issues determined at the previous trial. In other words, all issues except Mr. Daniel's personal liability are identical to the issues determined by the jury at the previous trial. Those issues are generally set forth in this court's August 28, 1998 Order on Final Pretrial Conference, pages 2–8, discussing defendant Daniel's contentions.

As noted above, there was a trial on the merits on those issues and therefore there is a final adjudication of those issues.

Mr. Daniel is in privity with MAC, a party to the adjudication of the those issues in the previous trial. Mr. Daniel did much more than merely testify in the previous trial. As the president and sole representative of MAC, he directed the lawsuit on its behalf. As noted above, he attended all proceedings, including depositions, as the corporation's representative. He conducted testing and testified as an expert. He was the individual most familiar with the design, engineering and testing. He was responsible for and testified regarding marketing, advertising, and design of the package. He testified as an expert witness and testified as a fact witness called by each side.

As the sole shareholder, Mr. Daniel had the incentive to fully litigate these issues. He had a commonality of interest with MAC because as sole shareholder, a money judgment against the corporation directly impacted his personal finances. See Pl.'s Ex. C at 69 (Mr. Daniel's deposition testimony that his salary from MAC is determined by zeroing out MAC's balance sheet at the end of the year). As president and the corporate officer in charge of the litigation, he had the power to, and did direct the case. The court finds that Mr. Daniel, on the undisputed

facts, was in privity with MAC for the purposes of collateral estoppel for the issues of product liability, negligence, damages and comparative fault. Thus, Mr. Daniel had a full and fair opportunity in the previous trial to litigate all product liability issues and negligence issues, damages and plaintiff's comparative fault. Accordingly, all the elements are met for collateral estoppel of the underlying facts, leaving only the issue of his personal liability for the corporation's torts.

This was the result reached in the case, *Cohen v. United States*, 924 F.Supp. 1164 (S.D.Fla.1996). In *Cohen*, the sole owner of two corporations previously found to liable for federal tax penalties argued that collateral estoppel did not apply to his subsequent lawsuit seeking a determination that he was not personally liable for the penalties.

> Cohen can be deemed in privity with [the corporations] because as a direct and/or beneficial owner of most or all of the shares of the corporations, Cohen controlled the affairs of the corporation. Cohen had a sufficient commonality of interest with the Cohen companies to be considered in privity with the corporation. *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.1983). As a CEO and direct or beneficial shareholder in the Cohen companies, and having actively participated in the earlier trial—both before the trial and during the trial, Cohen exercised control over the companies' affairs and was, therefore, in privity with his companies. *Astron Industrial Associates v. Chrysler Motors Corp.*, 405 F.2d 958, 961 (5th Cir.1968) (judgment against a corporation bars later litigation on the same cause of action by an officer, director or shareholder of the corporation if the individual participated in and effectively controlled the earlier case).

924 F.Supp. at 1169.

The *Cohen* court held, on facts similar to those undisputed facts in this case, that the shareholder's actions were necessary to the prior judgment, that he had the opportunity to litigate all issues except his personal responsibility for the penalties, and that he had actual control over the litigation on behalf of the corporation. In support of these findings the court noted that Mr. Cohen, like Mr. Daniel, "was present throughout the trial,

always sitting at counsel's table as the representative of his three companies. In addition, Cohen testified as a trial witness for several days. Cohen did not have independent legal representation, other than by the same counsel who was representing the Cohen companies." *Id.* at 1170.

However, like in the *Cohen* case, the issue of Mr. Daniel's personal liability was not raised in the previous trial, and, therefore, he did not have a full and fair opportunity to litigate the issue of his personal liability in the previous trial. Accordingly, collateral estoppel is not applicable to the issue of Mr. Daniel's personal liability—the issue for which the Tenth Circuit remanded this case.

However, although collateral estoppel does not apply to the issue of Mr. Daniel's personal liability, the court nonetheless concludes that plaintiff is entitled to judgment on this issue under the ordinary principles of summary judgment law. The standard for the grant of summary judgment is well-known:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. If the movant bears the burden of showing the absence of a genuine issue of material fact, the non-movant may not rest on its pleadings but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Mesa Oil, Inc. v. Ins. Co. of North America*, 123 F.3d 1333, 1336, (10th Cir.1997).

In this case, plaintiff has submitted evidence, in the form of Mr. Daniel's sworn deposition testimony and his testimony from the previous trial. The Tenth Circuit has supplied the appropriate test for determining an individual's liability for the torts of the corporation as follows:

> Wyoming courts have not spoken on the duty of corporate officers to third parties. This court has held that an officer of a corporation is liable to a third party if he or she "directs or participates actively in

the commission of a tortious act..." *Lobato v. Pay Less Drug Stores*, 261 F.2d 406, 408 (10th Cir.1958). However, "[S]pecific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation." *Id.* at 409. We hold that Wyoming courts would apply the general rule we stated in *Lobato.* *Zimmerman,* 848 F.2d at 1051.

The undisputed facts reveal the following. Mr. Daniel's testified that "everybody"[2] at MAC takes direction from him, that as manager of the company he was always responsible for making the decisions for the company, and that he was responsible for the marketing, the advertising and preparation of its sales literature. Pl.'s Ex. F at 301 and 369. He testified that placing appropriate warnings on MAC's products was his responsibility and that he did not include warnings or any warning about the necessity for expert advice. *Id.* at 302. He personally prepared the schematic drawing on how to put the canister together and did not include any instructions or warnings regarding loading the canister. Pl.'s Ex. C at 110–11. He was the person who would have made the decision to place warnings on or include instructions with the products. He sold the launcher. *Id.* at 137; Ex. F. at 302 and 378.

Mr. Daniel personally prepared the advertising for the product in question. He cut out and inserted by the picture of the launcher a picture of a fireworks display. *Id.* at 375–76

Mr. Daniel's testimony shows he actively participated in and directed the omissions and commissions that led to liability for the company he owns, directs and controls.

Mr. Daniel has submitted no materials in opposition that raise an issue of fact showing that he did not specifically direct, sanction, and actively participate in the acts and omission which led directly to plaintiff's injury. Because plaintiff met his burden of coming forward with specific evidence to show the elements necessary for a finding that Mr. Daniel is personally liable, Mr. Daniel may not rest on his mere denial contained in his pleadings. Instead, he must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which plaintiff has met his own burden. The fact that the Appeals Court found an issue of fact regarding Mr. Daniel's own earlier motion does not meet Mr. Daniel's burden in opposing the present motion. The present motion is supported by specific evidence, much of which comes from the intervening trial on the merits between plaintiff and MAC.

Mr. Daniel has submitted nothing to contradict plaintiff's evidence of Mr. Daniel's active participation in, and direction of, the acts and omissions that led to plaintiff's injury. Therefore, those facts are undisputed and under *Zimmerman, supra,* plaintiff is entitled to judgment as a matter of law. Accordingly, the court will grant that motion and enter judgment in favor of plaintiff. As noted above, Mr. Daniel is collaterally estopped from contesting the dollar amount of that judgment. It is therefore

ORDERED that plaintiff's Motion for Summary Judgment against defendant Wayne Daniel is GRANTED.

---

**2.** "Everybody" consists of two sales persons, an office employee, two persons who correlate and package parts and a person who does machining. Pl.'s Ex. C at 67–68. Some of these employees also work for another of Mr. Daniel's wholly-owned corporations. *Id.*