**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KRIS WELLBORN,

     Plaintiff-Appellant,

v.

COBRAY FIREARMS, INC., a Georgia
corporation; SW DANIEL, INC., a
Georgia corporation; WAYNE DANIEL,
individually; SYLVIA DANIEL,
individually; MOUNTAIN
ACCESSORIES CORPORATION, a
Tennessee corporation, also known as
MAC, Inc.; DICK LOFFER, individually,

     Defendants-Appellees,

and

MARIETTA PLASTICS, INC., a Georgia
corporation,

     Defendant.

No. 96-8120
(D.C. No. 95-CV-211)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **MCKAY**, and **LUCERO**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

When Kris Wellborn pulled the trigger of a flare launcher, a self-loaded flare shell exploded inside the launcher's firing chamber, amputating Mr. Wellborn's hand and part of his forearm. Mr. Wellborn subsequently filed this action against corporations allegedly having a role in the design, manufacturing, and marketing of the launcher device, and against Wayne Daniel and Sylvia Daniel, officers and sole stockholders of those corporations. The district court found the Daniels were protected by corporate veils and no grounds existed for piercing those veils. Because Mr. Wellborn failed to present evidence showing a disputed issue of material fact regarding the Daniels' individual liability, the district court granted summary judgment for each. We reverse in part and affirm in part.[1]

The parties in this case are alleged to have played different roles, therefore, we must establish their identities before proceeding further. Mountain Accessories Corporation (MAC) designed, manufactured, and sold the kind of flare launchers and "load your own" shell kits involved in this case. MAC also sold Mr. Wellborn the launcher and shell kit which are alleged to have caused his injuries. Ultra Force, Inc., supplied the barrels which were used in the assembly of Mr. Wellborn's flare launcher. SW Daniel, Inc., (SWD) and Cobray Firearms, Inc., (Cobray) were Georgia corporations

---

[1]For clarity's sake, we will hereafter refer to the Daniels by their first names, Wayne and Sylvia.

also involved in the design, manufacture, and sale of flare launchers. Cobray frequently supplied MAC with the flare launchers it sold. Both SWD and Cobray are now defunct.

Dick Loffer is a MAC employee. At the time of trial, Wayne Daniel was the sole shareholder and president of MAC, and Sylvia Daniel was the sole shareholder of Ultra Force, Inc.

The launcher and shell kits purchased by Mr. Wellborn contained no warnings and gave only limited instructions. He claims the kits provided no instructions or warnings about ingredients which should or should not be used in the shells, the proper proportions of ingredients, or proper assembly. Mr. Wellborn called MAC's technical assistance line and spoke with Dick Loffer who gave Mr. Wellborn some instructions over the phone. Several months later, Mr. Wellborn loaded his own shells, allegedly following Loffer's instructions. Mr. Wellborn attempted to fire a shell through the launcher, but when he pulled the launcher's trigger, the shell exploded inside the barrel. Thereafter, claiming negligence, strict products liability, and breach of express and implied warranties, Mr. Wellborn brought this action against Loffer, Wayne, and Sylvia, in their individual capacities, and against MAC, Cobray, and SWD as well.

Before trial, Wayne and Sylvia moved for summary judgment and submitted affidavits, stating they had never "personally" engaged in the design, manufacture, or sale of flare launchers or load your own shell kits; had never "personally" had any dealings with Wellborn; and had, at all times, maintained all formalities necessary to sustain the

distinction between themselves and the corporations which they owned. The district court found Wayne and Sylvia were not individually involved in the launcher sale and, as corporate shareholders, they were shielded from individual liability by their respective corporate structures. On that basis, the court granted summary judgment in their favor.

At some point before trial began, Mr. Wellborn discovered Cobray and SWD were defunct corporations. He moved orally to dismiss the two corporations, and the defendants stipulated to the dismissal. Whether the dismissal should be with or without prejudice was not discussed. In a subsequent written order, the district court granted the motion, dismissing Cobray and SWD with prejudice. This appeal ensued.

We review de novo the grant of a motion for summary judgment, applying the same standard as the district court. *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 985 (10th Cir. 1996). Viewing the evidence in the light most favorable to the nonmoving party, summary judgment must be granted if the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We are first called upon to consider whether Wayne and Sylvia were shielded by the respective corporate veils of MAC and Ultra Force from liability for any actions taken in their respective corporate capacities as shareholders or directors and whether acts performed by them in their individual capacities contributed to Mr. Wellborn's injuries. Mr. Wellborn argues the corporate veil doctrine does not apply in tort claims, and the

- 4 -

corporate structures therefore do not shield the Daniels from liability for actions taken by them in their corporate capacity.

Although not cited by either party, ***Zimmerman v. First Federal Sav. & Loan Ass'n***, 848 F.2d 1047 (10th Cir. 1988), settles this issue conclusively in favor of Mr. Wellborn. In ***Zimmerman***, a savings and loan association agreed to lend commercial developers $2.2 million to finance a project, but, the plaintiffs claimed, the savings and loan provided only $600,000 and wrongfully foreclosed on the loan. The developers sued the savings and loan's directors, alleging the directors breached their duty to supervise the corporation's affairs. In determining whether the district court had properly granted the directors' motion for a directed verdict, we stated:

> Wyoming courts have not spoken on the duty of corporate directors to third parties. This court has held that an officer of a corporation is liable to a third party if he or she "directs or participates actively in the commission of a tortious act...." ***Lobato v. Pay Less Drug Stores***, 261 F.2d 406, 408 (10th Cir. 1958). However, "[s]pecific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation." ***Id.*** at 409. We hold that Wyoming courts would apply the general rule we stated in ***Lobato***.

***Zimmerman***, 848 F.2d at 1052. In light of this authority, the district court erred to the extent it relied on the corporate veil doctrine.

The crucial issue in this appeal is whether Wayne and Sylvia are alleged to have committed any individual acts upon which Mr. Wellborn may base his claims. We separate discussion of this question into two parts: (1) What is the meaning of

"individual" acts? and (2) What is Mr. Wellborn's evidence of Wayne's and Sylvia's individual acts?

Wayne and Sylvia argued none of the activities of which Mr. Wellborn complains were conducted by them in their "individual capacity." Wayne's affidavit in support of his motion for summary judgment stated: "[e]xcept in my capacity as an employee of [MAC], I have never personally engaged in the design, manufacture, fabrication, packaging, preparation, selling, or distribution of" flare launchers or flare canisters. Sylvia submitted a similar affidavit stating, she had "never personally engaged in the design manufacture, fabrication, packaging, preparation, selling, or distribution of" flare launchers or flare canisters. In addition, both Wayne and Sylvia stated they had never "personally" had any contact with Mr. Wellborn regarding the purchase of flare guns from MAC or "personally" provided him with instruction or direction regarding the use or handling of flare launchers. The district court relied heavily on these affidavits and the corporate veil doctrine in reaching summary judgment for the Daniels. The district court differentiated between acts committed by Wayne and Sylvia in their individual capacities and acts committed in their capacities as corporate employees and officers:

> The affidavits and exhibit submitted by movants show that there is no issue of fact that it was a corporation that sold the products to plaintiff and *that they did not act in an individual capacity with regard to the manufacture, packaging and sale of a product to plaintiff*, and that they had no individual contact with him regarding any product he purchased from any company. Based upon these facts movants would be entitled to judgment as a matter of law ... that as corporate shareholders and officers they are insulated from individual responsibility by the corporate structure.

We believe the court erred in relying on the premise that Wayne and Sylvia "did not act in an individual capacity with regard to the manufacture, packaging and sale of a product to plaintiff."

If, as ***Zimmerman*** instructs, the corporate veil doctrine does not apply to a tort claim brought by a third party against a corporation's directors, officers, or shareholders, the traditional notion of a shield for acts committed in a corporate capacity does not apply either. Therefore, in determining whether Wayne and Sylvia may be individually liable to Mr. Wellborn, we do not exclude all conduct performed in their capacities as corporate officers before looking for individual acts, rather we ask whether Wayne or Sylvia, in their capacities as corporate officers, specifically directed, sanctioned, or participated in "a positively wrongful act of commission or omission which operate[d] to the injury or prejudice of the complaining party." ***Zimmerman***, 848 F.2d at 1052. The district court erred in assuming it could ignore all evidence presented by Mr. Wellborn of acts by Wayne and Sylvia performed in their corporate capacities.

Mr. Wellborn brought claims of negligence, strict liability, and breach of implied warranties against Wayne and Sylvia. The question before us is whether the record reveals a genuine issue as to any fact material to these claims.

Wyoming permits claims for strict liability and breach of warranty. *See* ***Ogle v. Caterpillar Tractor Co.***, 716 P.2d 334, 341-42 (Wyo. 1986) (adopting strict liability as defined in Restatement (Second) of Torts § 402(a)); Wyoming Statutes, §§ 34-21-231,

232, 34-21-204 (1977 & as amended) (breach of warranty statutes). These causes of action, however, apply only to "sellers" or "manufacturers." In the affidavits accompanying their motion for summary judgment, Wayne and Sylvia deny selling anything to Wellborn and deny manufacturing the flare launcher and "load your own" shell kits at issue in this case. These denials, however, are denials of "personal" sale or manufacture, and rest on the assumption the distinction between personal acts and acts within a corporate capacity applies to their conduct.

Given the corporate veil doctrine does not apply, two questions arise. Can Mr. Wellborn demonstrate the acts of Wayne and Sylvia, as corporate officers, bring them within the definition of "sellers" or "manufacturers"? Has Mr. Wellborn demonstrated a genuine issue of material fact regarding whether Wayne and Sylvia, in violation of the doctrines of strict liability and breach of warranty, specifically directed, sanctioned, or participated in "a positively wrongful act of commission or omission which operate[d] to the injury or prejudice of the complaining party"? *Zimmerman*, 848 F.2d at 1052.

The case against Wayne is relatively clear. At his deposition, Wayne freely admitted to fabricating, designing, manufacturing, packaging, and selling the flare launcher, as well as writing the instruction which accompanied the "load your own" shell kit, in his corporate capacity as president of MAC. When asked whether he sold the launcher, Wayne responded, "I sold the launcher. When I say 'I,' I mean, MAC." Because the corporate veil doctrine does not apply, this testimony presents sufficient

- 8 -

evidence to create a genuine issue of material fact regarding Wayne's potential liability under strict liability and breach of warranty.

The case against Sylvia is less clear. Mr. Wellborn claims through her conduct as president of Ultra Force, Sylvia harmed him by manufacturing and designing the barrels used in the launcher at issue. In short, Mr. Wellborn contends "[Sylvia's] components contributed to a defective product." However, Mr. Wellborn presents no evidence indicating the barrel was defective or that Sylvia committed "a positively wrongful act of commission or omission which operate[d] to the injury or prejudice of the complaining party." *Zimmerman*, 848 F.2d at 1052. Mr. Wellborn has therefore failed to demonstrate a genuine issue of material fact regarding tortious conduct by Sylvia and her potential individual liability, even in the absence of the corporate veil doctrine. The district court's summary judgment for Sylvia on the strict liability and breach of warranty claims was therefore appropriate.

Mr. Wellborn also brought negligence claims against Wayne and Sylvia. A manufacturer owes a duty of care to those who use its product. "[A] manufacturer is required to exercise reasonable care in the planning, design, and manufacturing of a product in order to insure that it is reasonably safe to use." *O'Donnell v. City of Casper*, 696 P.2d 1278, 1285 (Wyo. 1985). Mr. Wellborn claims Wayne breached this duty of reasonable care by failing to provide adequate warnings and instructions with the launcher and the "load your own" shell kits. Wayne's testimony adequately demonstrates

Wayne participated directly in packaging the launcher and shell kits and in drafting the instructions provided with the kits. Mr. Wellborn has demonstrated a genuine issue of material fact regarding Wayne's individual conduct and potential liability, and the district court's grant of summary judgment for Wayne was therefore error.

However, for the same reasons discussed in relation to the strict liability and breach of warranty claims, the district court's grant of summary judgment for Sylvia was proper. Mr. Wellborn has failed to present evidence indicating any potentially negligent conduct by Sylvia, either in an individual or corporate capacity. A plaintiff cannot survive summary judgment on bald allegations. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The district court's grant of summary judgment for Sylvia on Wellborn's negligence claim must therefore be affirmed.

Mr. Wellborn claims the district court erred by dismissing with prejudice his claims against SWD and Cobray. He contends because the dismissal was prompted by his own motion and because it occurred before SWD or Cobray filed an answer or motion for summary judgment, the dismissal was governed by Rule 41(a)(1). The rule provides "unless otherwise stated ... dismissal is without prejudice ...."

In response, the Daniels note voluntary dismissal under Rule 41(a)(1) requires the plaintiff to file a notice of dismissal or file a stipulation of dismissal "signed by all parties who have appeared in the action." Mr. Wellborn chose neither procedure, thereby bringing his motion to dismiss SWD and Cobray within the ambit of Rule 41(a)(2), which

provides: "Except as provided in [Rule 41(a)(1)], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). The district court's order, the Daniels argue, stated the dismissals were "with prejudice," and, under Rule 41(a)(2), the decision to grant a dismissal with or without prejudice is left to the discretion of the court. *Simons v. Southwest Petro-Chem, Inc.*, 130 F.R.D. 134, 135 (Kan. 1990).

The language of Rule 41(a)(2) is clear: a plaintiff may voluntarily dismiss parties under the procedures provided in Rule 41(a)(1), and all other dismissals on the plaintiff's instance are to be made by the court "upon such terms and conditions as the court deems proper." Mr. Wellborn was perfectly free to file a notice or stipulation of dismissal pursuant to Rule 41(a)(1) and, thereby, insuring a dismissal without prejudice. However, because he failed to follow the procedures provided in Rule 41(a)(1), he has foreclosed that possibility and subjected himself and his desire to dismiss Cobray and SWD to the discretion of the court. We cannot ignore the plain wording of Rule 41(a)(2).

The judgment of the district court granting summary judgment in favor of Sylvia Daniel is **AFFIRMED**. The dismissal of the action against Cobray and SWD, with

prejudice, is **AFFIRMED**.  The judgment granted in favor of Wayne Daniel is

**REVERSED,** and the matter is **REMANDED** for further proceedings.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Court