F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KRIS WELLBORN,

      Plaintiff-Appellee,

v.

COBRAY FIREARMS INC., a
Georgia corporation, S W DANIEL,
INC., a Georgia corporation; SYLVIA
DANIEL; MARIETTA PLASTICS
INC., a Georgia corporation;
MOUNTAIN ACCESSORIES
CORPORATION, aka MAC, Inc., a
Tennessee corporation; DICK
LOFFER, individually,

      Defendants,

   and

WAYNE DANIEL, individually,

      Defendant-Appellant.

No. 98-8106
(D.C. No. 95-CV-211-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Wayne Daniel appeals from the district court's grant of summary judgment adjudging him personally liable for the torts of his corporation as a matter of law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 1331(a)(1) and affirm.

On August 31, 1994, plaintiff Kris Wellborn set off a self-loaded shell in a flare launcher he purchased from Mountain Accessories Corporation (MAC), a corporation in which defendant is the sole shareholder and president. The shell (from a "load your own" shell kit) exploded in the flare launcher and, among his other injuries, plaintiff's right hand was amputated.

Plaintiff initiated this action on theories of negligence, strict liability, and breach of express and implied warranties. His complaint named various corporations involved in the manufacture and design of the flare launcher and shell kit, including MAC. In addition, plaintiff's complaint named as individuals defendant, Sylvia Daniel, and Dick Loffer, a MAC employee. Shortly before trial, the district court dismissed on summary judgment defendant and Sylvia

Daniel. The district court dismissed defendant based on plaintiff's failure to bring forth evidence to raise a genuine issue of fact material to defendant's personal liability for MAC's actions. In doing so, the district court noted defendant's affidavit statements that: he never "personally" designed, manufactured, fabricated, packaged, prepared, sold, or distributed flare launchers or flare canisters; he never "personally" had contact with plaintiff; and he never instructed plaintiff on the use of flare launchers or flare canisters. Appellant's App. at 9. The case proceeded to trial and the jury returned a verdict for plaintiff against MAC, the sole remaining corporation (plaintiff voluntarily dismissed the other defendant corporations), finding that MAC was negligent, breached its implied warranty, and was strictly liable for design defect. The jury awarded plaintiff $200,000 in damages, plus costs but no punitive damages, finding MAC 90% negligent, plaintiff 10% negligent, and Mr. Loffer not negligent at all. Under Wyoming's comparative fault statute, plaintiff's damages were correspondingly decreased to $180,000. See Wyo. Stat. Ann. § 1-1-109.

Plaintiff appealed to this court. As relevant here, this court reversed defendant's dismissal and remanded the case for further proceedings. See Wellborn v. Cobray Firearms, Inc., No. 96-8120, 1998 WL 80236 (10th Cir. Feb. 25, 1998) (unpublished). This court cited Zimmerman v. First Federal Savings & Loan Ass'n, 848 F.2d 1047 (10th Cir. 1988), for the principle that

-3-

because "the corporate veil doctrine does not apply to a tort claim brought by a third party against a corporation's directors, officers, or shareholders, the traditional notion of a shield for acts committed in a corporate capacity does not apply either." 1998 WL 80236, at *3. Based on defendant's deposition testimony admitting to "fabricating, designing, manufacturing, packaging, and selling the flare launcher" and "writing the instruction which accompanied the 'load your own' shell kit," this court found sufficient evidence to create a genuine issue of material fact regarding his potential liability under Zimmerman. Id. at *4. In addition, this court noted defendant's statement that "'I sold the launcher. When I say 'I,' I mean, MAC.'" Id.

On remand, plaintiff moved for summary judgment, propounding the principles of respondeat superior, res judicata, collateral estoppel, and stare decisis. The district court granted plaintiff's motion, finding that, for purposes of collateral estoppel, defendant "was in privity with MAC . . . for the issues of product liability, negligence, damages and comparative fault" and that he had a "full and fair opportunity in the previous trial to litigate" these issues. Appellant's App. at 48. The district court found that collateral estoppel did not apply to defendant's personal liability since that issue was not litigated at the trial. It concluded, however, that plaintiff was entitled to judgment based on summary judgment principles. Essentially, the district court found that, under

-4-

Zimmerman , defendant "actively participated in and directed the omissions and commissions that led to liability for the company he owns, directs and controls" and he failed to submit materials in opposition that raised an issue of fact to the contrary. Appellant's App. at 52.

On appeal, defendant contends the district court erred in granting summary judgment because: (1) a genuine issue of material fact exists concerning his liability; (2) a jury was never instructed under Zimmerman ; (3) no new evidence was brought forth at trial to supplement the genuine issue of fact regarding defendant's liability under strict liability and breach of warranty; (4) a genuine issue of material fact exists as to whether defendant directed or participated in a wrongful act or omission which injured or prejudiced plaintiff; and (5) the jury must consider the issue of plaintiff's contributory negligence.

We review the district court's grant of summary judgment de novo and apply the principles set forth in Fed. R. Civ. P. 56(c). See Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate on a record demonstrating that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "'We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a

jury.'" <u>Aramburu v. Boeing Co.</u>, 112 F.3d 1398, 1402 (10th Cir. 1997) (quoting <u>Williams v. Rice</u>, 983 F.2d 177, 179 (10th Cir. 1993)).

We have reviewed the parties' submissions, the district court's order, the record, and the relevant legal principles and case law. We have nothing to add to the district court's analysis of the law and the evidence before it. Accordingly, we affirm the district court's grant of summary judgment for substantially the reasons stated in the district court's thorough memorandum and order of October 20, 1998.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED .

Entered for the Court


James E. Barrett
Senior Circuit Judge